UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BANKUNITED, N.A.,

                        Plaintiff,

                    v.                              Case No. 7:17-cv-05268

MERRITT ENVIRONMENTAL
CONSULTING CORP., LENDER
CONSULTING SERVICES, INC., GREAT
DIVIDE INSURANCE COMPANY,
BEAZLEY USA SERVICES, INC. a/k/a
SYNDICATE 2623/623 AT LLOYD'S, and
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,

                        Defendants.
------------------------------------------------------------------X

**MERRITT DECLARATION IN SUPPORT OF THE
MOTION OF THE DEFENDANT MERRITT ENVIRONMENTAL
CONSULTING CORP. TO DISMISS THE AMENDED COMPLAINT**

      Charles G. Merritt, declares under the penalty of perjury and pursuant to the provisions of 28 U.S.C. § 1746 (2) that the following is true and correct.

      1.     I am president and a principal in the defendant Merritt Environmental Consulting Corp. ("MECC") and a Certified Environmental Specialist / LEED AP.

      2.     I make this declaration based upon my personal knowledge and my review of the books and records maintained by MECC and upon my reading of the Amended Complaint. ECF Document 29.

      3.     This Declaration is submitted in support of the within motion to dismiss Counts I, II, and III of the Amended Complaint to the extent those counts purport to allege claims against MECC.

4. On July 17, 2013, MECC and Bank United, N.A. ("Bank United") entered into a Master Services Agreement ("MMSA") whereby MECC would provide professional environmental consulting services to BankUnited. Amended Complaint ¶17-18; ECF Document 29-1, attached as Exhibit A to the Amended Complaint.

5. Pursuant to a Work Order, on or about November 5, 2013 MECC was retained by BankUnited to conduct a Phase I Environmental Site Assessment ("Phase I ESA") for the premises located at 105-107 Kisco Avenue, Mount Kisco, New York 10549 ("Premises"). Amended Complaint ¶21; ECF Document 29-2, attached as Exhibit B to the Amended Complaint.

6. MECC conducted the Phase I ESA, including an onsite investigation, on November 15, 2013.[1] MECC rendered an Executive Summary on November 22, 2013 and issued its final report to BankUnited on December 2, 2013. Amended Complaint ¶21; ECF Document 29-3, attached as Exhibit C to the Amended Complaint; Executive Summary is at ¶4.1 of the Phase I report (ECF Document 29-3 at page 4 of 32).

7. MECC was retained by BankUnited to act as its agent to perform the Phase I ESA pursuant to 40 C.F.R. Part 312. Amended Complaint ¶¶94-95. The Amended Complaint alleges that John Perotti and your Declarant, Charles G. Merritt, met the definition of environmental professional set forth in the Code of Federal Regulations. Amended Complaint ¶¶97-100. We do not deny those allegations. Indeed, we represented, at ¶4.14 of the Phase I, that we met "the definition of Environmental Professional as defined in § 312.10 of 40 CFR Part 312" and that we "have the specific qualifications based on education, training, and experience to assess a property of the nature, history, and setting of the subject property . . . [and] have developed and performed

---

[1] Paragraph 22 of the Amended Complaint incorrectly sets forth the date of the inspection as November 18, 2013. ECF Document 29-3 at page 3 of 32)

'All Appropriate Inquiries' in conformance with the standards and practices set forth in 40 CFR Part 312." ECF Document 29-3 at page 29 of 32.  We maintain that we did in fact meet those standards.  ASTM E1527-05 Section 3.2.32 incorporates those standards by specific reference. Indeed, those standards are reproduced in Appendix 2 to E1527-05.  Copies of the relevant pages from ASTM E1527-05 are annexed hereto as Exhibit 1 for ease of reference.

8. The Amended Complaint alleges that John Perotti and your Declarant are Certified Environmental Specialists certified by the Environmental Assessment Association. Amended Complaint ¶¶105-106.  We admit those allegations.

9. The Environmental Assessment Association has established Standards of Professional Conduct.  The violation of those standards may be grounds for temporary suspension and or revocation of membership.[2]

10. The Work Order and the MMSA require MECC to obtain certain insurance coverage as described in paragraphs 109-111 of the Amended Complaint.

11. MECC obtained the required insurance coverage.

12. ECF Document 29-7 annexed to the Amended Complaint as Exhibit G is a true and accurate copy of the insurance policy MECC purchased from Great Divide Insurance Company for the period April 17, 2015 to April 17, 2016.  That policy is described in the Amended Complaint as Policy 7425.  Amended Complaint ¶¶113-116.

13. The Amended Complaint correctly alleges that MECC held a commercial lines policy (Policy 7425) dating to April 17, 2013 which provided defense and indemnification for property damage, pollution liability and professional malpractice (errors and omissions) coverage and that same had been renewed through April 17, 2016.  Amended Complaint ¶¶113-

---

[2] http://www.eaa-assoc.org/ethics.php date of last access January 10, 2018. Attached as Exhibit 2 for ease of reference.

116. Based upon my review of the policies, the terms and conditions of said policies, as relevant to the allegations in the Amended Complaint, are substantially the same for each of the three policy periods 2013-2014, 2014-2015 and 2015-2016 and as described in Policy 7425 annexed to the Amended Complaint.

14. The Amended Complaint correctly alleges that BankUnited was an additional insured under the terms of the MMSA. Amended Complaint ¶¶113-114.

15. Copies of the certificates of insurance naming BankUnited as an additional insured on the coverages where an additional insured endorsement is required are annexed hereto as Exhibit 3. The certificate of insurance also documents that there was excess insurance of $5,000,000.00.

16. The Amended Complaint alleges that Great Divide denied coverage based on certain exclusions and time of coverage clauses. MECC agrees with the allegations by BankUnited set forth in the declaratory judgment counts of the Amended Complaint (counts VII, VIII and IX) to the extent that the bank contends that the policies issued by Great Divide provide indemnity insurance in favor of MECC for the acts and omissions alleged in the Amended Complaint and that coverage was improperly denied.

17. MECC is pursuing a separate declaratory judgment action against Great Divide in the United States District Court for the Eastern District of New York – 2:17-cv-07495-SJF-AYS Merritt Environmental Consulting Corporation v. Great Divide Insurance Company et al.

18. For the reasons set forth herein, it is respectfully requested that MECC's motion be granted and that the Amended Complaint against MECC be dismissed.

Dated: January 10, 2018

                                              Charles G. Merritt, President
                                              Merritt Environmental Consulting Corp.