UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BANKUNITED, N.A.,

                       Plaintiff,

                    v.                              Case No. 7:17-cv-05268-CS

MERRITT ENVIRONMENTAL CONSULTING      **AFFIRMATION IN**
CORP., LENDER CONSULTING SERVICES,        **OPPOSITION TO MOTIONS**
INC., GREAT DIVIDE INSURANCE                   **TO DISMISS THE AMENDED**
COMPANY, BEAZLEY USA SERVICES, INC.      **COMPLAINT**
a/k/a SYNDICATE 2623/623 AT LLOYD'S, and
CRUM & FORSTER SPECIALTY INSURANCE
COMPANY,

                       Defendants.
---------------------------------------------------------------X

      JOSEPH C. SAVINO, an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby affirms the following to be true under the penalties of perjury:

      1.    I am a partner of the law firm of Lazer, Aptheker, Rosella & Yedid, P.C., attorneys of record for the Plaintiff, BANKUNITED, N.A. ("BANKUNITED"), and, as such, I am fully familiar with all of the facts and circumstances as set forth herein.

      2.    I submit this affirmation in opposition to the motions to dismiss ("MTDs") filed by Defendants, MERRITT ENVIRONMENTAL CONSULTING CORP. ("MECC"), LENDER CONSULTING SERVICES, INC. ("LCS"), and GREAT DIVIDE INSURANCE COMPANY ("Great Divide") pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), together with such other and further relief as to this Court deems just and proper.

      3.    BANKUNITED respectfully refers this Court to the allegations in its Amended Complaint, filed as ECF Doc. 29, and the exhibits annexed thereto, for the pertinent factual

allegations concerning the MTDs. The Amended Complaint and attached exhibits are annexed hereto and made a part hereof as Exhibit 1.

4. BANKUNITED commenced this action by filing a Complaint on July 13, 2017 against Defendants MECC, LCS, and Great Divide. MECC, LCS, and Great Divide filed letters requesting a pre-motion conference on their proposed respective motions to dismiss, and this Court held a pre-motion to dismiss conference on October 16, 2017. At the pre-motion conference, the Court ruled that BANKUNITED had until November 16, 2017 to file an Amended Complaint, that MECC, LCS, and Great Divide had until January 8, 2017 to serve motions to dismiss, that BANKUNITED had until February 9, 2018 to serve opposition, and that MECC, LCS, and Great Divide had until February 20, 2018 to serve replies.

5. On November 16, 2017, BANKUNITED filed the Amended Complaint against MECC, LCS, and Great Divide, and added causes of action against Beazley USA Services, Inc. a/k/a Syndicate 2623/623 at Lloyd's ("Beazley") and Crum & Forster Specialty Insurance Company ("Crum"). *See* Amended Complaint, Doc. 29.

6. On January 5, 2018 the Court, upon consent of the parties, granted MECC, LCS, and Great Divide extensions of time to serve their motions to dismiss by January 16, 2018, extending BANKUNITED's deadline to serve opposition to February 23, 2018, and extending the deadline to serve replies to March 2, 2018. *See* Order, Doc. 36.

7. On January 16, 2018, MECC, LCS, and Great Divide served their respective MTDs, to which BANKUNITED submits this opposition.

8. In opposition to the MTDs, BANKUNITED submits the accompanying: (a) "Memorandum of Law in Opposition to Merritt Environmental consulting Corp.'s Motion to Dismiss the Amended Complaint ("MECC MTD Opposition MOL"); (b) "Memorandum of Law

in Opposition to Lender Consulting Services, Inc.'s Motion to Dismiss the Amended Complaint" ("LCS MTD Opposition MOL"); and (c) "Memorandum of Law in Opposition to Great Divide Insurance Company's Motion to Dismiss the Amended Complaint" ("Great Divide MTD Opposition MOL").

9. The respective memoranda of law demonstrate that the Defendants have not met their burden in light of the fact that this Court must construe the Amended Complaint liberally, accepting all factual allegations in it as true, and drawing all reasonable inferences in favor of the non-moving party. *Gregory v. Daly*, 243 F.3d 687, 697 (2d Cir. 2001). Moreover, this Court should deny the MTDs because several of the so-called defenses rest on factual determinations outside the scope of the Amended Complaint, requiring the opportunity to conduct discovery on these matters.

WHEREFORE, BANKUNITED respectfully requests that the Court deny the respective MTDs, together with such other and further relief as this Court deems just and proper.

Dated: Melville, New York
February 23, 2018

/s/ Joseph C. Savino_____
JOSEPH C. SAVINO